UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | |
|---|---|
| CELLMARK, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:24-cv-00181-SCM-CJS |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| ROBERT WEBSTER, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 7, 2026, the Court issued an Order requiring the parties to demonstrate why any document requested to be filed under seal should remain sealed. [Dkt. 184]. Robert Webster responded to the Order requesting that one document remain sealed. [Dkt. 186 at 1]. CellMark's response requests that several documents remain sealed. [Dkt. 187 at 2–5]. The Court agrees with both Webster and CellMark that, aside from one exception, their documents should be protected from public disclosure as specified below.

There is a presumption that documents filed with the court should be available for the public's review. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). "Thus, under rules long settled in this circuit, '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). The party seeking to seal a document bears the burden of overcoming the presumption of openness, which is a

heavy burden. *Shane Grp.*, 825 F.3d at 305. And even if a compelling reason is shown to justify "why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* So a district court that seals court documents must set forth its findings for why nondisclosure to the public is justified, stating: (1) "why the interests in support of nondisclosure are compelling"; (2) "why the interests supporting access are less so"; and (3) "why the seal itself is no broader than necessary." *Id.* at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

Webster asks that he be granted leave to file a redacted version of Exhibit 40 to his deposition taken on January 14, 2026, [Dkt. 186 at 1 (citing Dkt. 123-26)]. That document is a compilation of financial records that contains "sensitive personal and financial information." [*Id.*]. Webster argues that permitting him to file a redacted copy in the public record "protects the legitimate privacy interests of third parties and minimizes the risk of identity theft or misuse of personal data, while preserving the public's right of access to the judicial record to the fullest extent possible." [*Id.*].

Webster has demonstrated a compelling reason justifying a partial seal of the document he identifies. That reason is to protect privacy interests of third parties by avoiding the needless publication of sensitive personal financial information. Other courts have recognized this as a compelling reason justifying sealing documents. *See e.g.*, *Shane Grp.*, 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995))). The sensitive information that will be

2

redacted has no bearing on the issues before the Court, making the public's interest in access to the information less compelling. *See Brown & Williamson*, 710 F.2d at 1181 ("The public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."); *see also Bodenhamer v. Metro. Life Ins. Co.*, No. 1:20-cv-00221-TRM-CHS, 2021 WL 6275231, at *2 (E.D. Tenn. Feb. 2, 2021) (allowing medical records to be filed under seal because those records, standing alone, provide no benefit to the general public, but requiring any discussions of relevant medical records in briefs to appear on the public docket because they "are relevant to the issues upon which the Court will rule and are necessary for the public to understand the rationale of the Court's decision"). And the seal is narrowly tailored to further this compelling reason, as the entire document will not be sealed and only the limited portions with sensitive personal information will be redacted. *See Wild Flavors, Inc. v. Wausau Underwriters Ins. Co.*, No. 2:24-cv-00006-SCM-CJS, 2025 WL 4112925 (E.D. Ky. Dec. 2, 2025). The Court thus determines that Webster has overcome the presumption of public access and he should be permitted to file a partially redacted version into the public record.

CellMark similarly carries its burden of overcoming the presumption of openness, except for one document. It identifies a handful of documents that it wishes to remain sealed in their entirety: [Dkt. 139-1; Dkt. 139-2; Dkt. 139-3; Dkt. 139-4; Dkt. 139-5; Dkt. 139-6; Dkt. 140-7; Dkt. 140-8; Dkt. 154-3.][1] [Dkt. 140-7] lists

---

[1] CellMark, Inc. states that it asks for [Dkt. 140-6] and [Dkt. 140-7], both filed conventionally, to remain sealed. [Dkt. 187 at 2, 4]. A review of the filings in this case shows that the two filings requested by CellMark to remain sealed in fact appear

3

CellMark's sales and gross profits for over 250 of its customers.  [Dkt. 187 at 2].

CellMark says that it should be sealed because almost all of those customer accounts

are not a subject of this dispute, and CellMark's customer list and margins are likely

protected trade secret information.  [*Id.*].  CellMark makes the same argument for

[Dkt. 140-7], which is a list of CellMark's film sales that contains customer lists and

pricing information not at issue in this case.  [*Id.*].

For the purpose of ruling on CellMark's request to seal these documents, the

Court does not take a position on whether they contain actual trade secrets.  But

CellMark has nonetheless shown a compelling interest in sealing [Dkt. 140-7] and

[Dkt. 140-8].  The fact that these documents contain information that *might* qualify

as trade secrets is a sufficient basis for sealing them at this juncture.  *Cf. Kondash v.

Kia Motors Am., Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019) ("While the existence of a

trade secret will generally satisfy a party's burden of showing a compelling reason

exists for sealing documents, even if a trade secret does not exist, a court may still

find a compelling reason exists . . . ." (citing *Shane Grp.*, 825 F.3d at 308)).  Sealing

is appropriate where a party "has identified claimed trade secrets" and has made

more than "merely conclusory arguments that sealing is necessary to protect its

general business practices or confidential business information." *Yoe v. Crescent Sock

Co.*, No. 1:15-cv-3-SKL, 2016 WL 11657183, at *2–3 (E.D. Tenn. Sept. 15, 2016).  Such

is the case here, where CellMark cites deposition testimony from Webster himself,

---

at [Dkt. 140-7] and [Dkt. 140-8].  The Court thus identifies these documents as they
appear in the Court's files rather than as CellMark identified them in [Dkt. 187].

Goran Sohl of Fortex Americas, LLC, and Jimmy Derrico of CellMark that suggest the information contained therein is confidential (*i.e.*, not publicly known), highly sensitive and subject to appropriation, and are trade secrets. [Dkt. 187 at 2–4]. Thus, there is adequate justification for sealing [Dkt. 140-7] and [Dkt. 140-8]. And given that the documents themselves are the alleged trade secrets, sealing them entirely is a sufficiently narrow means of protecting that compelling interest.[2]

Next, CellMark seeks to seal [Dkt. 139-1] to [Dkt. 139-6], which are profit and loss statements from 2019 to 2024. [Dkt. 187 at 4–5]. CellMark argues that they must be sealed because they are confidential and not publicly available and their disclosure would reveal details about many aspects of its business. [*Id.*]. Allowing them into the public record would purportedly provide a competitor of CellMark a complete view of its finances, hindering its ability to compete. [*Id.* at 5]. These are compelling reasons justifying nondisclosure. Courts in this circuit "have recognized strong interests in shielding confidential financial records and private revenue information 'from public view.'" *Cheese Hog Mfg., LLC v. ReddyMade, LLC*, No. 1:23-cv-00155-JPH, 2025 WL 4660309, at *1 (S.D. Ohio Mar. 19, 2025) (quoting *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018)). This interest is of particular importance here, where the public disclosure of the

---

[2] This is, of course, not a conclusion that these documents actually *are* trade secrets. Instead, it is merely a conclusion that CellMark has sufficiently demonstrated they *may* contain trade secrets such that they should be sealed at this time. *See Yoe v. Crescent Sock Co.*, No. 1:15-cv-3-SKL, 2016 WL 11657183, at *3 (E.D. Tenn. Sept. 15, 2016) (concluding "there *may* be trade secrets at issue" which justifies sealing an exhibit "at this time" (emphasis added)).

documents "would allow competitors to gain unprecedented insight into the company's financial status" and nondisclosure "is critical to protecting the company's highly proprietary information." *Russell v. CSK Auto, Inc.*, No. 14-14230, 2017 WL 1734420, at *3 (E.D. Mich. May 4, 2017). Further, the Court is unaware of authority supporting the public's interest in accessing this confidential information that would outweigh CellMark's strong interest in maintaining its confidentiality. Thus, keeping all of the documents under seal is sufficient tailoring to support CellMark's compelling justification.

Finally, CellMark argues that [Dkt. 154-3], a nondisclosure agreement between CellMark and G3 Enterprises, Inc., should remain sealed. [Dkt. 187 at 5]. As justification, CellMark states that only limited portions of the agreement are at issue and that it has a confidentiality requirement. [*Id.*]. But CellMark acknowledges, correctly, that the confidentiality requirement "does not require the Court to keep the document[] under seal." [*Id.*]. This is because "[t]he existence of a confidentiality agreement is not, by itself, a reason to keep this record sealed." *In re Black Diamond Mining Co.*, No. 15-96-ART, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016); *see also Brown & Williamson*, 710 F.2d at 1180 (holding that a "confidentiality agreement between the parties does not bind the court in any way"); LR 5.6(c). The Court finds that CellMark has not met its burden of providing a compelling reason justifying nondisclosure of this document, and it will be unsealed.

Accordingly, it is hereby **ORDERED** as follows:

1)      Robert Webster's Motion for Leave to Seal a Document, [Dkt. 110], is **DENIED** as moot.

2)      CellMark, Inc.'s Motions for Leave to Seal, [Dkt. 135; Dkt. 152; Dkt. 169], are **DENIED** as moot.

3)      Webster's Motion to Redact Personal Financial Information, [Dkt. 186], is **GRANTED**, and Webster shall file a redacted version of [Dkt. 123-26] attached to a notice of filing as soon as practicable following the entry of this Order. [Dkt. 123-26] shall **REMAIN SEALED**.

4)      CellMark's Response to the Court's April 7 Order, [Dkt. 187], is **GRANTED in part** and **DENIED in part**.

     a.      [Dkt. 123-26; Dkt. 140-7; Dkt. 140-8; Dkt. 139-1; Dkt. 139-2; Dkt. 139-3; Dkt. 139-4; Dkt. 139-5; Dkt. 139-6] shall **REMAIN SEALED**.

     b.      The Clerk's office is **DIRECTED** to **UNSEAL** all other documents filed under seal by any party, including [Dkt. 154-3].

Signed this 8th day of May, 2026.



S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky